## MADDEN *v.* WRIGHT, receiver.

The evidence in the case demanding a finding in favor of the defendant on the plea of set-off, and the verdict rendered being in effect a finding against such plea, it was error to overrule a motion for a new trial filed by the defendant.

Argued May 17, — Decided July 25, 1899.

Complaint. Before Judge Sweat. Glynn superior court. December term, 1898.

*Goodyear & Kay*, for plaintiff in error.
*Samuel C. Atkinson*, contra.

COBB, J. Wright as receiver of the Merchants & Traders Bank of Brunswick brought suit against Mrs. Madden, alleging that she was indebted to him upon an overdrawn account as a depositor of the bank of which he was receiver. The defendant filed a plea, denying that she was indebted to the plaintiff, and averring that on the 16th day of December, 1897, there was placed to her credit on the books of the bank the sum of $588.76, and that on the 21st day of December of that year the further sum of $11.10 was placed to her credit, making an aggregate amount of $599.86, no part of which has ever been drawn from the bank either by the defendant or by any one authorized by her. The prayer of the plea was that she have judgment against the plaintiff for the amount above referred to. Upon the trial it appeared that Dr. Madden, the husband of the defendant, was president of the bank, and that his individual checks in an amount sufficient to make the apparent overdraft in Mrs. Madden's account had been charged to her account without her knowledge, consent, or authority. It further ap--

peared that on December 16, he had caused the sum of $588.76 to be taken from his account and placed to the credit of his wife. It does not appear by whom the deposit of $11.10 was made, but the same was entered on the books to the credit of Mrs. Madden. There was no evidence whatever showing that Mrs. Madden had ever drawn, or authorized any one to draw, any check charged to her account. Morris Madden, a son of the defendant, who was "acting bookkeeper" of the bank, testified in positive terms that the $588.76 which had been transferred from his father's account to his mother's account on December 16, 1897, was money that belonged to her, and should have been put to her credit some time before; that it was money his father had collected for his mother. The testimony of Morris Madden, to the effect that the money belonged to the defendant, was not contradicted in any way whatever. When the evidence closed the plaintiff did not insist upon a judgment against Mrs. Madden, but objected to a judgment being rendered in her favor for the sum claimed in her plea. This question was submitted to the jury under a charge of the court, and a verdict was returned in favor of the defendant generally, but refusing to find in her favor the sum claimed by her to be due. She filed a motion for a new trial upon various grounds, which being overruled, she excepted.

The uncontradicted evidence in the case showing that the money which had been placed to the credit of Mrs. Madden was her money, she became thereby a depositor of the bank to that extent; and there being no evidence that the money was ever drawn out either by her or by any one having authority from her to do so, she was entitled to a judgment for the amount shown to have been deposited to her account. The judge therefore erred in refusing to grant her a new trial.

*Judgment reversed. All the Justices concurring.*